| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>SG Mortgage Securities Trust 2006-FRE2, Asset Backed Certificates, Series 2006-FRE2, U.S. Bank National Association, as Trustee | **Order Filed on March 14, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Adelaide Anne Starmer,<br><br>Debtor. | Case No.: 19-10304 CMG<br>Adv. No.:<br>Hearing Date: 3/20/19 @10:00 a.m.<br><br>Judge: Christine M. Gravelle |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: March 14, 2019**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2
Debtor:     Adelaide Anne Starmer
Case No.:   19-10304 CMG
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, SG Mortgage Securities Trust 2006-FRE2, Asset Backed Certificates, Series 2006-FRE2, U.S. Bank National Association, as Trustee, holder of a mortgage on real property located at 234 Pennant Avenue, Beachwood, NJ 08722, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and William H. Oliver, Esquire, attorney for Debtor, Adelaide Anne Starmer, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by April 23, 2019, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is not to pay the arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.