UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

William H. Oliver, Jr., Esq.
OLIVER & LEGG, LLC
2240 Highway 33, Suite 112
Neptune, New Jersey 07753
732-988-1500
Attorney for Debtor(s)
WO-7129
courtdocs@oliverandlegg.com

In Re:

ADELAIDE ANNA STARMER

Debtor

Case No.: 19-10304

Chapter: 13

Hearing Date:

Judge: Christine M. Gravelle

## CERTIFICATION OF WILLIAM H. OLIVER, JR.

I, **WILLIAM H. OLIVER, JR.**, am the attorney for the debtor in the above-captioned matter, and submit this Certification in opposition to Motion to Disgorge Fees.

1. Our office first became acquainted with Adelaide Starmer after her ex-husband passed away. We represented her in probation of a Will which was contested by Mr. Starmer's then wife. We were able to successfully defeat that challenge to the Will which left Mrs. Starmer with one-quarter ( ¼ ) interest in the premises.

2. The premises had been setup with a ramp in order to efficiently allow Mrs. Starmer's disabled son to be able to easily move in and out of the property. Her son needs constant care.

3. Our office checks the foreclosure list in Monmouth and Ocean County to determine if any of our clients or previous clients are on the Sheriff Sale list. Mrs. Starmer's property popped up on the list at the end of 2018. We discussed doing a modification of the mortgage and conferred with Mrs. Starmer regarding whether it made financial sense to try to obtain a modification and stay in the house. We also filed an adjournment of the Sheriff Sale and a letter foreclosing attorney that Mrs. Starmer was the Executor of his ex-husband's estate and also an owner.

4. In December of 2018 she paid us $2500.00 to begin filing her bankruptcy. The bankruptcy plan was filed in January of 2019 which called for a loan modification and we presumed that she was getting her own loan modification as our office had not been paid to do one.

5. In August of 2019, we wrote Mrs. Starmer a letter to determine what progress she had been making on the loan modification. As a result of that, we had another conference in our office when she agreed for us to do the loan modification and paid us a retainer of $3500.00 to cover the loan modification. It should be noted that the money which she paid from assets which had been successfully exempted in her Chapter 13 bankruptcy as being reasonably necessary for the support of herself and her dependents under the appropriate Code Section, and there was no objection by the Trustee. The plan called for a 100% to creditors.

6. She engaged us and signed a retainer agreement on September 19, 2019 at our Toms River office for herself and behalf of the Estate of Lance Starmer. Our office began to start doing work on the file and forwarded her a letter dated September 24, 2019 enclosing numerous documents to be filled out and sent back. A copy of that letter is attached as Exhibit A.

7. In the Spring of 2020 at a conference with Mrs. Starmer, it became clear that she had not filled out the documents because she had lost substantial income as her other children had moved out of State and she did not have the help of her relative who was taking care of Lance while she was working. Therefore, she would not qualify for a loan modification because of insufficient income.

8. Therefore, it was determined at that time to refund her most of the money she had paid us except for that which we had billed out. We sent a bill for $1157.00.

9. We sent her a check on May 19, 2020 for $2,342.50 representing the difference between the initial retainer and what had been filled out.

10. In order to spend more time in the house, we suggested that she attempt to sell the house at a Short Sale, and she obtained a contract, which has since been cancelled.

11. In my last conversation with her was that she now had additional income and therefore probably could cure the mortgage arrears. She has not responded to our most recent inquires and we believe she may be obtaining new counsel.

12. We filed a Supplemental Disclosure Statement and based upon the prior Court Order entered in miscellaneous Case No. 19-00111 and requested and did a fee application for the requested fees.

13. That is the genesis of these two (2) Motions.

I certify under penalty of perjury that the above is true.

Dated:  November 6, 2020                           /s/William H. Oliver, Jr.
                                                   WILLIAM H. OLIVER, JR.

# EXHIBIT

# A

September 24, 2019

Via Federal Express

Ms. Adelaide Starmer
234 Pennant Avenue
Beachwood, New Jersey 08722

    Re:  **Loan Modification with SPECIALIZED LOAN SERVICING
through Chapter 13 Bankruptcy Portal**

Dear Ms. Starmer:

In connection with the above-referenced matter, enclosed please find the necessary documents required to start the loan modification application through the Chapter 13 Bankruptcy Portal. It is important that you follow the directions closely and provide a detailed explanation for your hardship letter. Please ensure that you have all the following documents prepared:

1) Sign Authorization Form;

2) Completed and signed SLS Request for Mortgage Assistance Form;

3) Completed and signed Financial Statement;

4) Completed and signed Dodd-Frank Certification;

5) Complete Government Monitoring Data Form;

6) SIGN ONLY IRS Form 4506-T;

7) Provide copies of recent gas and electric bills;

September 24, 2019
Page Two

8) Provide copies of all paystubs received for JUNE 1, 2019 to the present date;

10) Provide copies of bank statements for all bank accounts that you maintain for JUNE, JULY and AUGUST;

**NOTE: The lender does not accept online transaction printouts. If the statements are double-sided, please ensure you provide every page – for example, if the statement is 9 pages, we must receive ALL 9 PAGES.**

12) Page 2 of your 2017 Federal Income Tax Return is attached –please sign and date where indicated;

13) As your sister Morgan is a Contributor, she must complete, sign and date, the Non-Borrower Credit Authorization Form and Non-Borrower Contribution Form;

14) If your sister resides with you, she must provide proof of residency (i.e., utility bill, medical, telephone bill – driver's licenses are not acceptable to the lender);

15) Finally, you must prepare a Hardship Letter indicating the reasons for your delinquency. Sign and date the Hardship Letter. It may be handwritten (legibly) if you do not have access to a printer.

**Please return all the requested documents to Mary at the Neptune office WITHIN SEVEN (7) DAYS** so that we may upload the loan modification package to the bankruptcy portal.

Thank you for your cooperation.

Very truly yours,

WILLIAM H. OLIVER, JR.

WHO:me
Enclosure